IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITH CUNNINGHAM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-02575 |
| | § | |
| TARGET CORPORATION, | § | |
|     Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Target Corporation ("Target") in the cause styled "Edith Cunningham v. Target Corporation," originally pending as Cause No. 2022-20351 in the 157th Judicial District Court of Harris County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because there is complete diversity of citizenship between the parties. Furthermore, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

**II.
DIVERSITY JURISDICTION**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Target Corporation is not a citizen of the State of Texas. Target's place of incorporation and principal place of business are within the State of Minnesota. Therefore, Target is a citizen of the State of Minnesota. Target has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

### III.
### FACTUAL BACKGROUND

Plaintiff claims that on or about May 7, 2020, she was injured when another employee struck her with a cart.[1] Plaintiff filed suit on April 4, 2022, in the 157th Judicial District Court of Harris County, Texas, alleging causes of action for negligence and premises liability against Target.[2]

### IV.
### AMOUNT IN CONTROVERSY

In her Original Petition, Plaintiff failed to specify the range of damages sought, as required by Texas Rule of Civil Procedure 47.[3] However, on July 27, 2021, counsel for Target received an email making a settlement demand for an amount that exceeded $75,000, exclusive of interest and costs. Further, on July 29, 2021, Target received a letter in which Plaintiff, for the first time, identified past medical bills of over $95,000, future medical treatment estimated at "at least $1,000,000," lost wages as "around several hundred thousand dollars," plus a claim that Plaintiff's "past and future loss of household services are estimated to be about $1,000,000."[4] Further, he

---

[1] *See* 4/4/22 Pl.s Orig. Pet., at ¶ V, attached hereto as **Exhibit 1**.

[2] *See id.* (Ex. 1).

[3] *See* TEX. R. CIV. P. 47(c) ("An original pleadings which sets forth a claim for relief… shall contain a statement that the party seeks" a particular range of monetary relief and/or non-monetary relief); *see generally*, Pl.'s Orig. Pet. (Ex. 1).

[4] *See* 7/29/22 Letter from Katrina Black to Donna Peavler (redacted to remove settlement-demand amount), attached as **Exhibit 2**.

claimed "the jury will have the discretion to award more than $20 million."[5] Further, Plaintiff indicated that "punitive damages as to Target would likely be over $100 million."[6] Thus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). As mentioned in the preceding paragraph, Plaintiff did not plead a range of damages in his Original Petition as required under state law.[8] Thus, the case was not removable at that time.[9] Target first became aware this case was removable on or about July 27, 2022, when it received an email confirming Plaintiff's settlement demand was in excess of the Court's jurisdiction. Further, on July 29, 2022, Plaintiff sent a settlement-demand letter to Target identifying various specific categories of damages, which, individually and collectively, exceeded $75,000, exclusive of interest and costs.[10]

---

[5] *Id.*, at p. 1 (Ex. 2).

[6] *Id.*, at p. 4 (Ex. 2).

[7] *See, e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) ("post-complaint letter, which is not plainly a sham, may be "other paper" under § 1446(b)" that triggers removal); *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed. Appx. 437 (5th Cir. 2011) ("$125,000 settlement demand letter constituted an "other paper" from which [defendant] could first ascertain removability").

[8] *See* Tex. R. Civ. P. 47(c) ("An original pleadings which sets forth a claim for relief… shall contain a statement that the party seeks" a particular range of monetary relief and/or non-monetary relief); *see generally*, Pl.'s Orig. Pet. (Ex. 1).

[9] *See* 28 U.S.C. § 1446(b)(1).

[10] *See* 7/29/22 Letter (Ex. 2).

Accordingly, this removal is timely because it is made within thirty days after Target's receipt of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on April 4, 2022.[11]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 157th Judicial District Court of Harris County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81, the following documents are attached hereto for the Court's reference:

(1) Plaintiff's Original Petition (filed April 4, 2022);

(2) 7/29/22 Letter from Katrina Black to Donna Peavler (July 29, 2022);

(3) State court docket sheet (as of August 2, 2022)

(4) Defendant's Original Answer (filed May 9, 2022); and

(5) List of All Counsel of Record.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Southern District of Texas, Houston Division.

---

[11] *See* 28 U.S.C. § 1446(c)(1).

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that this document was served on all counsel of record in accordance with and pursuant to the Federal Rules of Civil Procedure on August 3, 2022.

/s/ Donna C. Peavler
**Donna C. Peavler**