# EXHIBIT 1

**Exhibit 1**

 **CT Corporation**

**Service of Process Transmittal**
04/21/2022
CT Log Number 541444261

**TO:**   CATHY SCHUDA
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:**   **Process Served in Texas**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CUNNINGHAM, EDITH // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 202220351 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/21/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/21/2022, Expected Purge Date: 04/26/2022 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**MARILYN BURGESS**

HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

7016 3600 0001 0816 6619

US POSTAGE $00

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

CAUSE NO.  202220351

RECEIPT NO.  963563                    75.00        CTM

********                    TR # 73992245

| PLAINTIFF: CUNNINGHAM, EDITH | In The    157th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: TARGET CORPORATION | of Harris County, Texas |
| | 157TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TARGET CORPORATION MAY BE SERVED BY SERVING ITS REGISTERED
    AGENT CT CORPORATION SYSTEM

    1999 BRYAN STREET SUITE 900   DALLAS  TX  75201

    Attached is a copy of PLAINTIFFS ORIGNAL PETITION AND JURY DEMAND

This instrument was filed on the 4th day of April, 2022, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 6th day of April, 2022, under my hand and
seal of said Court.



                                        MARILYN BURGESS, District Clerk
Issued at request of:                   Harris County, Texas
SHEPPARD, JOHN DENIS                    201 Caroline, Houston, Texas 77002
5151 SAN FELIPE, SUITE 100              (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77056
Tel: (713) 489-1206
Bar No.: 24051331                       Generated By: HALL, BRITTANY  7FT//11984973

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS ORIGNAL PETITION AND JURY DEMAND
to the following addressee at address:

_____        ADDRESS

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                           (2) TRCP, upon the Defendant as evidenced by the
                                            return receipt incorporated herein and attached
                                            hereto at
_____
                                        on _____ day of _____ _____, _____
                                        by U.S. Postal delivery to _____

                                        This citation was not executed for the following
                                        reason: _____ _____ _____

                                        MARILYN BURGESS, District Clerk
                                        Harris County, TEXAS

                                        By _____, Deputy

4/4/2022 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63242134
By: Brittany Hall
Filed: 4/4/2022 3:46 PM

# 2022-20351 / Court: 157

NO. _____

| | | |
|---|---|---|
| EDITH CUNNINGHAM | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TARGET CORPORATION | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

Plaintiff files this Original Petition and Jury Demand.

### I.   NATURE OF ACTION

1.      This is a work injury case. Through no negligence of her own, Plaintiff has suffered

harm because of Defendant's torts and delicts which caused or contributed to injuries, including

(pleaded alternatively) active and passive negligence, defective products, strict liability, breach of

warranty, negligent activity, negligent retained control, negligent exercise of control, breach of

nondelegable duty, negligent undertaking, inherently dangerous activities, intentional torts, and/or

dangerous premises.

### II.   JURISDICTION & VENUE

2.      Venue and jurisdiction are proper in this County because Defendant has a principal

place of business/residence here, a substantial part of the events or omissions giving rise to one or

more of the claims occurred here, and/or Plaintiff lives here. The amount in controversy exceeds

the jurisdictional minimum.

### III.   DISCOVERY LEVEL

3.      Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

#### IV.     PARTIES

4.      Plaintiff, EDITH CUNNINGHAM, is a resident of HARRIS COUNTY, TEXAS.

5.      Defendant TARGET CORPORATION does business and/or has a principal place of business in HARRIS COUNTY, TEXAS and may be served through their registered agent CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.

#### V.     FACTS

6.      On or about May 7, 2020, Plaintiff was working at TARGET CORPORATION, located at 12701 FM 1960 Rd W, Houston, Texas 77065. Plaintiff was struck by another employee pushing a cart and suffered significant injuries. At the time of the incident the store was managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant, TARGET CORPORATION. As a result of the incident, Plaintiff suffered severe and disabling injuries.

#### VI.     CAUSES OF ACTION

A.      NEGLIGENCE & GROSS NEGLIGENCE

7.      Pleading in the alternative, Defendant was negligent and failed to satisfy the duty to ensure that the work and related obligations they assumed were performed reasonably and safely.   Defendant also engaged in affirmative negligent undertakings and acts.   Defendant's negligent and grossly negligent acts and omissions include:

- Failing to ensure the work was properly staffed, supervised, and/or equipped
- Failing to ensure the workers were properly trained and/or equipped;
- Failing to ensure the work was performed in compliance with industry custom and practice and applicable standards
- Failing to ensure company standards and safety programs were appropriate and adequate, and/or to ensure standards and requirements that were imposed were followed
- Improper recommendation of how to do work and work requirements
- Failure to maintain a safe work area and/or provide a safe work environment and/or prevent an unsafe work environment
- Failure to adequately resolve dangerous work conditions in work area

- 2 -

- Negligent provision of training and/or failure to provide training
- Failure to have adequate safety policies in place
- Failure to ensure all workers on site were fully capable to perform their duties
- Failure to warn of dangerous conditions and/or failure to provide proper instructions
- Failure to report and properly address or mitigate dangers and hazards
- Failure to properly secure, use, and maintain equipment necessary to perform the work safely
- Failure to properly hire, train, oversee, and supervise employees, agents, and/or contractors
- Failure to have and/or follow proper emergency response and evacuation procedure
- Failure to ensure pre-job precautions were taken and/or failure to provide sufficient pre-job safety meetings
- Engaging in and/or retaining a contractor to perform activities that had a peculiar risk of harm
- Failing to comply with and/or ensure compliance with state obligations and/or franchise agreements and/or regulations and/or related obligations that imposed a duty to provide for the safety of others
- Failing to comply with state laws and/or obligations and/or duties voluntarily assumed
- Other acts and omissions deemed negligent

8.     On balance, Defendant owed a duty consistent with the above, and breached the above duties.  These breaches were both the cause in fact and proximate cause of Plaintiff's injuries.  As a result of Defendant's negligence, Plaintiff suffered severe physical injuries.  Plaintiff is entitled to recover for the injuries.  Defendant's negligence created and/or exacerbated a dangerous situation that increased the risk of harm and/or proximately caused Plaintiff's injuries.

9.     Defendant's conduct when viewed objectively involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendant had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.  Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury.  As such, Plaintiff is entitled to exemplary damages.

B.     PREMISES LIABILITY

10.     Pleading in the alternative, if Defendant owned, occupied, maintained, and/or controlled the area where Plaintiff was injured sufficient to trigger premises liability standards, the condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendants and/or their agents had actual knowledge or reasonably should have known of the unreasonably dangerous condition and/or situation. Plaintiff did not have actual knowledge of the unreasonably dangerous condition and/or situation. Plaintiff was an employee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of this unreasonably dangerous condition and/or situation, or make the unreasonably dangerous condition and/or situation reasonably safe. Defendant breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition and/or situation, and by failing to make the unreasonably dangerous condition and/or situation reasonably safe. Defendant's breaches of these duties proximately caused Plaintiff's injuries.

C.     INTENTIONAL TORT

11.     Pleading in the alternative, Plaintiff's injuries were partially and/or wholly caused by Defendants' creation of a hazardous situation and intentional tort.

12.     Defendant required and/or encouraged Plaintiff and other workers to perform work with inadequate training and equipment, in an unsafe environment, under unsafe conditions, and in compliance with unreasonable performance expectations.

13.     Any company in Defendant's position, knowing the above, would have been substantially certain that the personnel would make a catastrophic mistake while performing their work and/or that a catastrophic event would occur. Additionally, Defendants ignored blatant, substantial, and unjustifiable risks, as well as their own policies, and ordered work to be performed with a conscious disregard for the workers' safety. Defendant therefore recklessly, knowingly,

- 4 -

and/or intentionally set a force in motion that ultimately produced Plaintiff's injury, which injury occurred through physical contact, and the injury was a consequential result of Defendant's conduct that was reasonably foreseeable. Defendant had knowledge to a substantial certainty that their conduct would bring about harm to Plaintiff or someone within a small class of potential victims within a localized area.

14.     As a proximate result of Defendant's intentional tort and reckless actions, Plaintiff suffered serious injuries. Defendant must be held liable to Plaintiff for intentional tort and/or assault and/or battery.

## VII.    JOINT LIABILITY

15.     Pleading in the alternative, Defendant and any other appropriate parties are jointly liable for Plaintiff's harm under the theories of joint and several liability; acting in concert; respondeat superior; agency; non-delegable duty; alter ego; actual and apparent authority; participatory liability; aiding and abetting; joint enterprise; and/or ratification

## VIII.   MISNOMER AND ASSUMED NAME

16.     In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos." Plaintiff relies on Texas Civil Statutes Article 6133 and/or Texas Rule of Civil Procedure 28 to properly identify the corporate Defendants herein.

## IX.    DEFENDANT'S CLAIMED AFFIRMATIVE DEFENSES

17.     Any affirmative defenses asserted by Defendant are factually and legally inapplicable and incorrect.

## X.    RES IPSA LOQUITUR

18.     The doctrine of res ipsa loquitur applies in this case because the event is of a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is with the scope of Defendant's duties.

- 5 -

## XI.   DAMAGES

19.   Plaintiff seeks damages within the jurisdictional limits of this Court, including:

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of household services
- Future loss of household services
- Past loss of consortium
- Future loss of consortium
- Interest on damages (pre- and post-judgment)
- Court costs
- Deposition costs
- Exemplary damages
- Other relief as the Court may deem just and proper

## XII.      CONDITIONS PRECEDENT

20.   All conditions precedent have been performed or have occurred.

## XIII.    NOTICE OF INTENT TO USE DOCUMENTS

Plaintiff gives notice under Rule 193.7 that she intends to use materials produced in this

case against the producing party.

## XIV.     JURY DEMAND

21.   Plaintiff requests a jury trial.  Tex. R. Civ. P. 216(a).

## XV.    INCORPORATION

22.      Every foregoing and subsequent statement and sentence is incorporated into every

other.  In other words, any headings or divisions should not be taken to mean facts and allegations

from other sections or subsections are not included in a particular section or subsection.

## XVI.    PRAYER

Plaintiff requests that the Court grant Plaintiff the relief requested above, hold any and all

Defendants jointly and severally liable, and grant Plaintiff all other just relief.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ John D. Sheppard*

John D. Sheppard
Attorney-In-Charge
State Bar No. 24051331
Nicholas A. Morrow
State Bar No. 24051088
Daniel E. Sheppard
State Bar No. 24103929
5151 San Felipe, Ste 100
Houston, Texas 77056
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
jsheppard@morrowsheppard.com
dsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

- 7 -

# EXHIBIT 2

**Exhibit 2**



MORROW & SHEPPARD LLP
*Trial Attorneys*

5151 San Felipe, Ste 100
Houston, Texas 77056
www.morrowsheppard.com

Katrina M. Black   |   kblack@morrowsheppard.com   |   Tel. 713.489.1206   |   Fax 713.893.8370

July 29, 2022

***Via Email:*** dpeavler@peavlerbriscoe.com
Peavler Briscoe
Attn: Donna C. Peavler
Donna C. Peavler
2215 Westgate Plaza
Grapevine, TX  76051
(817) 756-7430

**RE:   Settlement Demand**

Dear Ms. Peavler,

We offer to settle this case with Defendant for ██REDACTED██. At trial, the jury will have the discretion to award more than $20 million.

As you know, Ms. Cunningham was seriously injured when a Target employee forcefully ran over her with a large, heavy cart. She violently fell to the floor and had a concussion with loss of consciousness. This was not a small grocery cart, but a large metal retail cart stacked with dozens of boxes. Ms. Cunningham's granddaughter (a Target employee who witnessed the incident) took a picture of a similarly stacked cart:



Ms. Cunningham suffered severe disabling injuries, including a permanent traumatic brain injury, a painful hip injury, back injuries including herniations and stenosis to both the lumbar and thoracic spine, a fracture to her sacrum, and severe neurological issues including muscle spasms and carpal tunnel syndrome. She underwent several injections to her back and will need continued care. She has been unable to work and will not be able to in the future.

Ms. Cunningham also suffered severe emotional and mental injuries.  Her injuries caused tremendous pain which she continues to experience.  She is unable to do most of the activities she used to.  She has trouble moving around and experiences cognitive difficulties.  She was a dancer all her life but has been unable to dance ever since the incident.  The incident has affected the whole family.  Ms. Cunningham's husband had a heart attack once he heard about his wife's incident.  Ms. Cunningham's granddaughter was with her during the incident and was severely traumatized.  Ever since the incident, Ms. Cunningham's daughter has had to act as a caretaker for her in many regards.  Ms. Cunningham's mental anguish cannot be understated.

Ms. Cunningham notes that other employees were injured in the same area as her, at least once before her Incident and once after.  Ms. Cunningham is also seeking exemplary damages for the gross negligence that caused the Incident.

Regarding the purported arbitration documents, we are opposed.  Until I called her about the arbitration documents, Ms. Cunningham had never heard of the word "arbitration" before.  English is her second language, and she understands things best in German.  No translation of the arbitration documents was provided to her.  She remembers being sat in a room and made to sign documents in 2005 (but not 2014).  She asked the person distributing the documents to explain them to her but they "laughed at her" for her lack of understanding and said she "just needs to sign them." Courts (including Texas) have considered similar circumstances unconscionable.  *See Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052 (W.D. Tex. 2020); *see also Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002).  Furthermore, Ms. Cunningham never signed the 2014 document, which superseded and, according to the document, "reinstated" the old 2008 document.  Additionally, the 2008 document stated that notice was required for any modifications to take effect, yet Ms. Cunningham never had notice of a new arbitration agreement (or any).  Delegation clauses are not unassailable and Texas courts have still reviewed arbitration documents with delegation provisions. *See Rent–A–Center, W., Inc. v. Jackson,* 561 U.S. 63, 130 S.Ct. 2772, 2777, 177 L.Ed.2d 403 (2010); *Vallejo v. Garda CL Sw., Inc.*, 948 F. Supp. 2d 720, 726 (S.D. Tex. 2013), aff'd, 559 Fed. Appx. 417 (5th Cir. 2014).  For these reasons, we will attack arbitration on multiple grounds including contract formation, validity, unconscionability, actual notice, and other arguments deemed necessary.

## A.  PAST & FUTURE MEDICAL BILLS

As a result of the incident, Ms. Cunningham severely injured her head, brain, back, sacrum, nerves, and hip.  She was forced to undergo (and will continue undergoing) extensive medical treatment.  Her approximate medical bills are outlined below:

| Exhibit | Medical Provider | Date of Service | Amount |
|---------|------------------|-----------------|--------|
| A | Cy-Fair Fire Department | 05/07/2020 | $1,334.50 |
| B | HCA Houston Healthcare North Cypress | 05/07/2020 | $504.70 |
| C | Cypress Emergency Associates | 05/07/2020 | $301.00 |

| D | Singleton Associates, PA | 05/07/2020 | $177.84 |
|---|---|---|---|
| E | Concentra Medical | 05/12/2020 | $1,600.90 |
| F | One Step Diagnostic | 05/22/2020 | $874.58 |
| G | Star Physical Therapy | 05/28/2020 | $2,746.00 |
| H | Sterling Pharmacy | 08/18/2020 | $1,402.72 |
| I | John B. Berry, MD | 09/03/2020 | $175.61 |
| J | Ache Institute of Houston | 09/21/2020 | $18,185.00 |
| K | UMMC Physicians Group | 09/24/2020 | $15,400.00 |
| L | United Memorial Medical Center | 10/02/2020 | $12,020.00 |
| M | Integrated Surgery Center | 03/05/2021 | $41,000.00 |
| | | **Total Billing** | **$95,722.85** |

As shown in Mr. Cunningham's medical records, she suffered severe disabling injuries. Consequently, she will continue incurring medical bills in the future.  Based on experience with similar injuries, Ms. Cunningham's future medical treatment is estimated to be at least $1,000,000.

### B. PAST LOST WAGES

Regarding lost wages, Ms. Cunningham suffered severe disabling injuries including a head injury.  She is unlikely to ever work again, even though she planned to keep working for several more years.  Thus, her lost wages are expected to be around several hundred thousand dollars.

### C. OTHER ECONOMIC DAMAGES

In addition, Ms. Cunningham has already required outside assistance for her household services due to the incident and will require future assistance.  Her past and future loss of household services are estimated to be about $1,000,000.

### D. NON-ECONOMIC DAMAGES

The jury will be also asked to fill in non-economic damages for the following:

Past physical pain and suffering: _____
Future physical pain and suffering: _____
Past mental anguish: _____
Future mental anguish: _____
Past physical impairment: _____
Future physical impairment: _____

Past disfigurement: _____
Future disfigurement: _____

Attached is a recent $352 million verdict from Harris County.  Given Plaintiff's head and cognitive injuries and other injuries, we expect the jury in our case to fill in each of the above blanks with multi-million dollar figures. Also attached is an even more recent verdict for $8 million verdict from a Harris County trial conducted entirely via Zoom over a couple of days.  It was a non-surgical case, there was no head injury, the past meds were only $20,000, the future meds were $40,000, and the sole allegation was that a step was not safe.   If brought before a jury, I estimate that Ms. Cunningham would be awarded more than $12 million her claims for non-economic damages.

### E.  EXEMPLARY DAMAGES

Should the jury find that Defendant is liable for gross negligence, the jury will have the ability to award exemplary damages.  With a net worth in the billions, punitive damages as to Target would likely be over $100 million.

Given the above, Ms. Cunningham has authorized me to settle her claims for $[REDACTED]. The deadline to accept this demand is Friday, August 19, 2022 at 5:00 p.m. Central Time.  If not accepted, this demand will be withdrawn and not reoffered.  You may reach me at (713) 489-2651 with any questions or concerns.

Sincerely,

Katrina M. Black
*Attorney*

# EXHIBIT 3

**Exhibit 3**

**Chronological Case History**

| | | | | | |
|---|---|---|---|---|---|
| **Style** | CUNNINGHAM, EDITH vs. TARGET CORPORATION | | | | |
| **Case Number** | 202220351 | **Case Status** | Ready Docket | **Case Type** | PERSONAL INJ (NON-AUTO) |
| **File Court** | 157 | **File Date** | 4/4/2022 | **Next Setting** | 5/1/2023 |

| Date | Type | Description |
|---|---|---|
| 4/4/2022 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 157 |
| 4/4/2022 | DOCUMENT | ORIGINAL PETITION **COURT:** 157 **ATTORNEY:** SHEPPARD, JOHN DENIS **PERSON FILING:** CUNNINGHAM, EDITH |
| 4/21/2022 | SERVICE | **PERSON SERVED:** TARGET CORPORATION MAY BE SERVED BY SERVING ITS REGISTEREDAGENT CT CORPORATION SYSTEM **SERVICE TYPE:** CITATION (CERTIFIED) |
| 5/9/2022 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 157 **ATTORNEY:** PEAVLER, DONNA C. **PERSON FILING:** TARGET CORPORATION |
| 6/17/2022 | ACTIVITY | DESIGNATED TRIAL READY **COURT:** 157 |

# EXHIBIT 4

**Exhibit 4**

5/9/2022 1:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64315550
By: LISA COOPER
Filed: 5/9/2022 1:49 PM

CAUSE NO. 2022-20351

| | | |
|---|---|---|
| EDITH CUNNINGHAM, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| TARGET CORPORATION, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

---

**TARGET CORPORATION'S ORIGINAL ANSWER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant TARGET CORPORATION, and files this, its Original Answer to Plaintiff's Original Petition and any supplements and/or amendments thereto, and shows the Court as follows:

**I.**
**GENERAL DENIAL**

1.      Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**II.**
**DEFENSES AND LIMITATIONS ON LIABILITY AND DAMAGES**

2.      Defendant specifically denies Plaintiff's claims that it or any of its employees were negligent and/or grossly negligent, and that any of the alleged acts or omissions of Defendant or Defendant's employees constituted negligence and/or gross negligence and/or proximately caused Plaintiff's alleged damages.

3.      Defendant claims that Plaintiff may have failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any.  Such acts or omissions of Plaintiff, if any, were the sole proximate cause of Plaintiff's damages or injuries, if any.

4.      Defendant claims that Plaintiff's damages or injuries, if any, may have been caused by the acts or omissions of third persons not under the control of Defendant.  If so, such acts or omissions of said third persons, if any, were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant would show that the accident complained of was an "unavoidable accident" as that term is known in law, not caused by the negligence of any party.

6.      Defendant states that Plaintiff's damages complained of, if any, may have been the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendant.

7.      Defendant contends that any claims for past and future medical or health care expenses incurred are limited to the reasonable, customary and usual amounts charged for reasonable and necessary medical care in the area and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

8.      Defendant would further show that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent that Plaintiff is seeking a recovery for loss of earnings,

lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by the Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

9.      In the unlikely event an adverse judgment is rendered against it in this matter, Defendant respectfully prays for contribution, indemnity and all available credits and/or offsets as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

10.      Defendant is further entitled to a credit or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff under any of Defendant's benefit or insurance programs, including, but not limited to, the Target Corporation Texas Occupational Injury Benefit Plan.

11.      Pleading further, Plaintiff has pleaded for exemplary and/or punitive damages in this case.  Defendant denies that Plaintiff is entitled to an award of exemplary and/or punitive damages and states that Plaintiff has neither pled nor demonstrated any allegation which would entitle him to recovery of such damages. Defendant further pleads the defense of unconstitutionality and says any award of exemplary damages would constitute the imposition of a criminal penalty against it without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the similar provisions of the Texas Constitution.  Furthermore, Defendant contends that the imposition of exemplary damages against it would constitute an excessive fine in violation of the Eighth Amendment, deny Defendant equal protection of the laws under the Fourteenth Amendment, and violate the due process clauses of the Fifth and Fourteenth Amendments.  Defendant states that any claim by

Plaintiff for exemplary damages should be stricken as vague, baseless, and unconstitutional, and any award of exemplary damages should be set aside for the reasons stated above.

12.     Defendant further contends that it is entitled to have the factfinder allocate responsibility, if any, among all parties, including settling parties and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

## III.
## REQUEST FOR COURT REPORTER

13.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Target Corporation respectfully prays that Plaintiff take nothing by this cause of action, that it be permitted to recover the costs expended on its behalf, and for such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

 /s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on May 9, 2022.

 /s/ Donna C. Peavler
**Donna C. Peavler**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandy Dixon on behalf of Donna Peavler
Bar No. 783887
sdixon@peavlerbriscoe.com
Envelope ID: 64315550
Status as of 5/9/2022 3:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John DSheppard | | jsheppard@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Nicholas Morrow | | nmorrow@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Jose Jimenez | | jjimenez@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Morrow Sheppard Filing | | msfiling@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Daniel ESheppard | | dsheppard@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Chris West | | cwest@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Angelina Fonseca | | afonseca@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Michele Hardy | | mhardy@morrowsheppard.com | 5/9/2022 1:49:32 PM | SENT |
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 5/9/2022 1:49:32 PM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 5/9/2022 1:49:32 PM | SENT |
| Jared Aldinger | | jared@schorrfirm.com | 5/9/2022 1:49:32 PM | SENT |
| Sara KimbroughScudday | | SScudday@peavlerbriscoe.com | 5/9/2022 1:49:32 PM | SENT |

# EXHIBIT 5

**Exhibit 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITH CUNNINGHAM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-02575 |
| | § | |
| TARGET CORPORATION, | § | |
| Defendant. | § | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

**Counsel for Plaintiff Edith Cunningham**

**John D. Sheppard**
State Bar No. 24051331
jsheppard@morrowsheppard.com
**Nicholas A. Morrow**
State Bar No. 24051088
nmorrow@morrowsheppard.com
**Daniel E. Sheppard**
State Bar No. 24103929
dsheppard@morrowsheppard.com
**MORROW & SHEPPARD, LLP**
5151 San Felipe, Suite 100
Houston, Texas 77056
713-489-1206 – Telephone
713-893-8370 – Telecopier

**Counsel for Defendant Target Corporation**

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051

-1-

(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)